IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

SUZANNE GOSSETT,                )
                                )
            Plaintiff,          )
                                )
                                ) Case No. CIV-20-267-RAW-KEW
                                )
COMMISSIONER OF THE SOCIAL      )
SECURITY ADMINISTRATION,        )
                                )
            Defendant.          )

**REPORT AND RECOMMENDATION**

Plaintiff Suzanne Gossett (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts the Commissioner erred because the ALJ incorrectly determined she was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work

but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 49 years old at the time of the ALJ's decision. She has a high school education and past relevant work as a heating and air conditioning installer and servicer, janitor, teacher aide II, and receptionist. She alleges an inability to work beginning on January 20, 2013, due to limitations resulting from chronic pain syndrome, disorders of the sacrum, atypical facial pain, lumbar radiculopathy, occipital neuralgia, other nerve root and plexus disorders, depression, Meniere's disease, and partial hearing loss.

**Procedural History**

On November 25, 2014, Claimant protectively filed her application for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act, and on February 4, 2015, she protectively filed an application for supplemental security income benefits pursuant to Title XVI (42 U.S.C. § 1381, *et seq*.) of the Social Security Act. Her applications were denied, and a hearing was held before an ALJ in November of 2016. The ALJ denied Claimant benefits on April 6, 2017, and the Appeals Council denied her request for review. Claimant appealed the ALJ's decision to this Court, and on September 3, 2019, United States Magistrate Judge Steven P. Shreder recommended that the case be reversed and remanded for further administrative proceedings, and United Stated District Judge Ronald A. White entered an Order Remanding the Case for Further Proceedings and Judgment on September 24, 2019.

On March 24, 2020, ALJ Deirdre O. Dexter conducted a hearing by telephone in Tulsa, Oklahoma, at which Claimant testified. On April 8, 2020, the ALJ entered an unfavorable decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.984, 416.1484.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step five of the sequential evaluation. She determined that while Claimant suffered from severe

impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with additional limitations.

### Errors Alleged for Review

Claimant asserts the ALJ committed error when evaluating the medical opinion evidence upon remand from this Court, including the opinions of consultative examiners Denise LaGrand, Psy.D., and Alyssa Rippy, Ph.D.

### Consideration of Medical Opinion Evidence

In her decision, the ALJ found Claimant suffered from severe impairments of degenerative disc disease of the lumbar and cervical spine with radiculopathy, obesity, depressive disorder, anxiety disorder, and post-traumatic stress disorder (Tr. 1224). She determined Claimant could perform light work with additional limitations. Claimant could lift, carry, push, or pull up to ten pounds frequently and twenty pounds occasionally, sit up to six hours in an eight-hour workday, and stand and/or walk up to six hours in an eight-hour workday. She can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl. Claimant should not climb ladders, ropes, or scaffolds. She can understand, remember, and carry out simple tasks of one to two steps and can interact with supervisors as needed to receive work instructions. Claimant can work in proximity to co-workers, but a job should not involve close communication with co-workers in order to complete

work tasks and should not involve interaction with the general public. Claimant would work best in a job where she can work "mostly alone." She can adapt to a simple, stable work environment where changes are explained in advance. (Tr. 1227-28).

After consultation with a VE, the ALJ determined Claimant could perform the representative jobs of sewing machine operator, power screwdriver operator, and labeler, all of which the ALJ found existed in sufficient numbers in the national economy. (Tr. 1238-39). As a result, the ALJ concluded Claimant had not been under a disability from January 20, 2013, through the date of the decision. (Tr. 1239).

Claimant contends that the ALJ failed to properly evaluate the opinions from consultative examiners, Dr. LaGrand and Dr. Rippy. She contends that both examiners found limitations more restrictive than those included by the ALJ in the RFC, and the ALJ assigned "some" weight to their opinions, but then failed to explain why certain limitations were not included in the RFC.

Claimant underwent a mental status examination with Dr. LaGrand on October 5, 2015. Claimant reported that she suffered from depression, anxiety, psychosis, cognitive/memory problems, problems with sleep, and anger. Based upon an interview with Claimant, a review of records, and a mental status examination, Dr. LaGrand assessed Claimant with major depressive disorder and delusion disorder in remission and possibly medication induced.

6

She rated Claimant's degree of impairment in several areas, finding Claimant had none/mild impairment in understanding and memory, adaptation, performing simple/repetitive tasks, performing detailed/complex tasks, working without special/additional instruction, and accepting instructions from supervisors. She also determined Claimant's degree of impairment was moderate for sustained concentration and persistence, social interaction, performing work activities consistently, work interruptions due to psychiatric symptoms, and interacting with co-workers and the public. Dr. LaGrand further determined Claimant had a marked impairment in dealing with stress in a work environment. (Tr. 1035-40).

On December 13, 2018, Claimant underwent a mental status examination with Dr. Rippy. Based upon her review of records, Claimant's reported symptoms, and mental status examination, Dr. Rippy assessed Claimant with major depressive disorder (recurrent, severe, with psychotic features), generalized anxiety disorder (moderate), and specific trauma related disorder. She noted Claimant's prognosis was "mixed" and recommended Claimant seek therapeutic treatment for anxiety and depression. She concluded Claimant would likely have moderate issues coping and adapting to a workplace environment because of her depression, anxiety, and trauma related symptoms, would likely experience increased anxiety and poorer coping with an increase in work-related stress, would

7

likely have mild difficulty with attention and concentration, and would likely have some decreased productivity. She also indicated that Claimant would have moderate difficulty interacting with others effectively because of anxiety, anger issues, and mild hypervigilance. (Tr. 2353-56).

The ALJ is required to consider all medical opinions, whether they come from a treating physician or non-treating source. *Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003). She must provide specific, legitimate reasons for rejecting any such opinion, and also must give consideration to several factors in weighing a medical opinion. *Id*. "As long as the ALJ provides 'good reasons in his decision for the weight he gave to the . . . opinion[], [n]othing more [is] required[.]' . . . What matters is that the decision is 'sufficiently specific to make clear to any subsequent reviewer[] that weight the adjudicator gave to the . . . opinion and the reasons for that weight.'" *Mounts v. Astrue*, 479 Fed. Appx. 860, 865 (10th Cir. 2012), quoting *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).

The ALJ discussed the examination by Dr. LaGrand in her decision, giving the "ratings" by Dr. LaGrand "some" weight:

> Dr. LaGrand did not actually provide[] any quantifiable or concrete mental limitations (21F, duplicated at 30F, B2F). Instead, she indicated the "degree of impairment" (none/mild to extreme) in several categories of work-related activities. I give these ratings some weight, as

8

> they are helpful in identifying the areas in which the claimant likely requires limitations, as reflected in the claimant's [RFC].

(Tr. 1237).

The ALJ also discussed the examination by Dr. Rippy in her decision and gave the "indicated areas of mental work" determined by Dr. Rippy "some" weight:

> Much like Dr. LaGrand, Dr. Rippy did not provide any concrete or vocationally relevant limitations (B18F/4). Instead, she indicated areas of mental work in which the claimant would likely experience difficulty. I give these indications some weight, as they are helpful in identifying the areas in which the claimant likely requires limitations, as reflected in the claimant's [RFC].

(Tr. 1237).

The Court finds no error in the ALJ's evaluation of the opinions from Dr. LaGrand and Dr. Rippy. Dr. LaGrand's evaluation of Claimant included "degrees" of impairment, including that Claimant had a moderate degree of impairment in sustained concentration and persistence, social interaction, performing work activities consistently, work interruptions due to psychiatric symptoms, and interacting with co-workers and the public. She also determined Claimant had a marked degree of impairment in dealing with stress in a work environment. The degrees of impairment were not specific functional limitations, but the ALJ clearly considered them and accounted for them in the RFC. For example, she limited Claimant to simple tasks of one to two steps, found

9

she could interact with supervisors to receive work instructions, could not work in jobs involving close communication with co-workers in order to complete job tasks, should not interact with the general public, and would work best alone. Claimant could adapt to a simple, stable work environment with any changes explained in advance. (Tr. 1227-28).

Second, Dr. Rippy's evaluation also did not include specific functional limitations for Claimant, as she noted that Claimant "would likely" have certain issues in the workplace environment. *See Paulsen v. Colvin*, 665 Fed. Appx. 660, 666 (10th Cir. 2016) ("But Dr. Valette did not assign any functional limitations to Ms. Paulsen other than to mention that Ms. Paulsen '*probably* has difficulty with concentration and remembering because of attention problems.' Accordingly, the ALJ was not required to consider Dr. Valette's opinion in formulating Ms. Paulsen's RFC.") (emphasis in original). In any event, the ALJ included limitations in the RFC that adequately account for Dr. Rippy's conclusions that Claimant "would likely" have moderate issues coping and adapting to a workplace environment, "would likely" experience an increase in workplace stress, "would likely" have mild issues with attention and concentration, "would likely" have some decreased productivity, and "would likely" have moderate problems interacting with others.

Here, the ALJ included mental limitations in the RFC based upon the findings of Dr. LaGrand and Dr. Rippy as well as other opinions in the record. Contrary to Claimant's argument, the ALJ did not reject every mental opinion in the administrative record. In addition to considering the evaluations of Dr. LaGrand and Dr. Rippy, she included mental limitations in the RFC consistent with the limitations found by James Sturgis, Ph.D., on December 21, 2018. Dr. Sturgis reviewed Claimant's medical records, including the examinations from Dr. LaGrand and Dr. Rippy, and determined Claimant could perform simple, one to two step tasks, interact with peers and supervisors on a very superficial work basis, interact with the general public, and adapt to a work environment consistent with the RFC and offering Claimant forewarning about significant changes in routine. (Tr. 1427-45).

In any event, it is "the ALJ . . . [who] is charged with determining a claimant's RFC from the medical record." *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004). There is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012).

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore,

the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be AFFIRMED. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 8th day of August, 2022.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE